# Supreme Court of Florida

_____

No. SC19-952
_____

**LES KROL,**
Petitioner,

vs.

**FCA US, LLC, et al.,**
Respondents.

February 18, 2021

MUÑIZ, J.

We took this case to resolve a certified conflict over whether the Federal Trade Commission's "single document rule," promulgated under the Magnuson-Moss Warranty Act, requires the disclosure of a binding arbitration agreement. We hold that it does not.

## BACKGROUND

The federal Magnuson-Moss Warranty Act is a consumer protection law that governs written warranties on consumer products. 15 U.S.C. §§ 2301-2312. Among other things, the Act mandates disclosure of "the terms and conditions" of a warranty "to the extent required by rules of the [Federal Trade] Commission."

15 U.S.C. § 2302(a).  Although the Act includes a nonexhaustive list of suggested disclosures that the FTC's rules "may require," the Act leaves it to the FTC to specify by rule what the mandatory disclosures shall be.  *Id*.

The FTC exercised its delegated authority by adopting what has come to be known as "the single document rule."  16 C.F.R. § 701.3.  That rule lists nine specific warranty-related "items of information" that a warrantor must disclose.  16 C.F.R. § 701.3(a).  And the rule requires the warrantor to make these disclosures "clearly and conspicuously" and "in a single document."  *Id*.

Against that legal backdrop, we turn to the facts of this case.  Petitioner Les Krol bought a used truck from Respondent Gibson Auto.  *Krol v. FCA US, LLC*, 273 So. 3d 198, 200 (Fla. 5th DCA 2019).  The parties' retail purchase order included a "binding arbitration agreement for any dispute related to the truck's purchase."  *Id*.  Gibson Auto separately extended an express written warranty on the truck.  *Id*.

A few months after the purchase, a dispute arose between Krol and Gibson Auto over alleged defects in the truck, and Krol eventually filed suit under the Act.  *Id*.  Gibson Auto successfully moved for a stay of the litigation and to compel arbitration.  *Id*.  Krol appealed to the Fifth District Court of Appeal, arguing that the arbitration agreement was unenforceable because it was not disclosed in a

single document with other warranty terms, allegedly in violation of the FTC's single document rule. *Id*. at 201.

The Fifth District rejected Krol's argument.[1] It held that the existence of a binding arbitration agreement is not among the items covered by the single document rule's disclosure requirements. *Id*. at 206-08. In doing so, the Fifth District certified conflict with the contrary decision of the Third District Court of Appeal in *Larrain v. Bengal Motor Co., Ltd.*, 976 So. 2d 12 (Fla. 3d DCA 2008).[2] We exercised our discretionary jurisdiction to resolve the conflict. Art. V, § 3(b)(4), Fla. Const.

## ANALYSIS

We look to the text of the FTC's single document rule itself to determine whether it mandates the disclosure of a binding arbitration agreement. As we mentioned, the rule lists nine specific disclosure items, most of which are

---

1. The Fifth District also rejected Krol's separate argument that claims under the Act cannot not be made subject to presuit binding arbitration agreements. *Krol*, 273 So. 3d at 206. Krol does not challenge that holding here.

2. The Third District's decision was 2-1, with Judge Shepherd dissenting. *Larrain*, 976 So. 2d at 15.

indisputably irrelevant to this case.[3]  None of the nine items listed in the rule

mentions arbitration.

In support of the argument that the single document rule requires disclosure

of a binding arbitration agreement, Krol relies on the following three disclosure

items from the rule:

> (3) A statement of what the warrantor will do in the event of a defect, malfunction or failure to conform with the written warranty, including the items or services the warrantor will pay for or provide, and, where necessary for clarification, those which the warrantor will not pay for or provide; . . .
> (5) A step-by-step explanation of the procedure which the consumer should follow in order to obtain performance of any warranty obligation, including the person or class of persons authorized to perform warranty obligations.  This includes the name(s) of the warrantor(s), together with: The mailing address(es) of the warrantor(s), and/or the name or title and the address of any employee or department of the warrantor responsible for the performance of warranty obligations, and/or a telephone number which consumers may use without charge to obtain information on warranty performance; [and]
> (6) Information respecting the availability of any informal dispute settlement mechanism elected by the warrantor in compliance with part 703 of this subchapter.

16 C.F.R. § 701.3(a)(3), (5)-(6).[4]

---

3.  The single document rule is found at 16 C.F.R. § 701.3(a).  Items 1, 2, 4, 7, 8, and 9 are the ones that are irrelevant to this case.  *See* 16 C.F.R. § 701.3(a)(1)-(2), (4), (7)-(9).

4.  The Act lists "[a] brief, general description of the legal remedies available to the consumer" as a potential required disclosure item for the FTC's implementing rule.  15 U.S.C. § 2302(a)(9).  But the FTC did not include that item in the single document rule.

Two of these items are clearly of no help to Krol. Item (3) speaks to the substantive content of the warranty and what it covers. Item (5) speaks to the direct interaction between the consumer and the warrantor over the logistics of obtaining performance of the warranty. Neither item has anything to do with the legal remedies available to the consumer when a warrantor fails to honor its obligations.

This case thus comes down to whether, for purposes of the FTC's single document rule, a binding arbitration agreement qualifies as an "informal dispute settlement mechanism elected by the warrantor in compliance with part 703 of this subchapter." As the Fifth District correctly concluded, the answer to that question is no.

The term "informal dispute settlement mechanism" traces back to the text of the Act itself. There Congress expressly declared its "policy to encourage warrantors to establish procedures whereby consumer disputes are fairly and expeditiously settled through informal dispute settlement mechanisms." 15 U.S.C. § 2310(a)(1). To that end, Congress directed the FTC to "prescribe rules setting forth minimum requirements for any informal dispute settlement procedure which is incorporated into the terms of a written warranty" governed by the Act. 15 U.S.C. § 2310(a)(2). The Act gives warrantors the choice whether to adopt such a procedure. If a warrantor does elect to do so, then the warrantor may also

require the consumer to avail himself of the procedure before resorting to civil litigation over a violation of the Act. 15 U.S.C. § 2310(a)(3); *see also* 15 U.S.C. § 2302(a)(8) (referring to use of the informal procedure "before pursuing any legal remedies in the courts").

The rule that the FTC adopted to govern informal dispute settlement mechanisms (i.e., the rule cross-referenced in the single document rule) is consistent with Congress's direction. Most important for our purposes, that rule says that the decisions of an informal dispute settlement mechanism "shall not be legally binding on any person." 16 C.F.R. § 703.5(j). And the FTC's rule further requires that consumers be informed that they may pursue "legal remedies" if they are dissatisfied with the results of the informal dispute resolution process. 16 C.F.R. § 703.5(g)(1).

It would thus be unreasonable to conclude that the single document rule's reference to an "informal dispute settlement mechanism elected by the warrantor in compliance with part 703 of this subchapter" encompasses a binding arbitration agreement. As the Fifth District correctly observed, "binding arbitration is not comparable to the informal dispute settlement procedures described in [the Act]

because it is not a prerequisite to litigation—it is a *substitute* for litigation." *Krol*, 273 So. 3d at 203.[5]

The question remains: why did the Third District reach a contrary decision in the conflict case, *Larrain*? The answer is that the Third District mistakenly relied on the Eleventh Circuit's decision in *Cunningham v. Fleetwood Homes of Georgia*, 253 F. 3d 611 (11th Cir. 2001). In our respectful view, the Eleventh Circuit in *Cunningham* made two interpretive errors, both of which the Third District copied in *Larrain*.

One error was to treat binding arbitration as a type of "informal dispute settlement mechanism," as that term is used in the Act and in the FTC's single document rule. For the reasons we have explained, that interpretation of either text is untenable.

The other error (indeed, the more fundamental error) was to allow the expressed *purpose* of the Act to eclipse the specific requirements of the single document rule's *text*. The Eleventh Circuit rightly observed that the Act furthered

---

5. As the Fifth District explained, the FTC (in interpretive regulations) has taken the position that the Act prohibits binding predispute agreements to arbitrate claims under the Act. *Krol*, 273 So. 3d at 206. The Fifth District joined the U.S. Court of Appeals for the Eleventh Circuit in rejecting the FTC's interpretation. *See Davis v. S. Energy Homes, Inc.*, 305 F. 3d 1268 (11th Cir. 2002). This issue is not before us here. But the FTC's position on the issue gives even more reason to conclude that the single document rule does not cover binding arbitration agreements. There would be no reason for the FTC to require the disclosure of a type of agreement that the FTC itself deems forbidden under the Act.

Congress's broad purposes to "provid[e] clear and concise warranties to consumers" and to "avoid[] consumer misinformation and deceptive practices." *Cunningham*, 253 F. 3d at 622-23. Informed by that understanding, the court went on to conclude that the single document rule requires "warrantors to present all information relevant to the warranty in one place" and to "disclose in a single document all relevant terms of the warranty." *Id*. at 621-22. The Third District in *Larrain* followed *Cunningham*'s lead: "By not disclosing material terms, such as an arbitration agreement, within the written warranty we would be promoting confusion and complexity to warranties, which the MMWA was designed to avoid." *Larrain*, 976 So. 2d at 14.

The courts in *Cunningham* and *Larrain* paid insufficient attention to the text of the single document rule. Consistent with Congress's purposes, the FTC perhaps could have chosen to require disclosure of all "relevant" or all "material" warranty terms in a single document. But the text of the single document rule does not sweep that broadly. The FTC decided to list nine required disclosure items, none of which encompasses a binding arbitration agreement. And statutory purpose, while undoubtedly relevant to legal interpretation, cannot trump the clear requirements of the applicable text.

In sum, the Fifth District's decision in *Krol* was right. The existence of a binding arbitration agreement is not among the disclosures required by the FTC's single document rule.[6]

## CONCLUSION

We approve the Fifth District's decision in *Krol* to the extent it is consistent with this opinion. And we disapprove the Third District's decision in *Larrain* to the extent it is inconsistent with this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, and COURIEL, JJ., concur.
LABARGA, J., dissents with an opinion.
GROSSHANS, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., dissenting.

Because I agree that the "clear language of the [Magnuson-Moss Warranty Act (the Act)] expresses Congress' intent that any arbitration agreement must be disclosed within the written warranty and not as a stand-alone document," I would

---

6. In so holding, we align ourselves with the decision of the Alabama Supreme Court in *Patriot Manufacturing, Inc. v. Jackson*, 929 So. 2d 997 (Ala. 2005).

approve the Third District Court of Appeal's decision in *Larrain*,[7] and quash the

Fifth District Court of Appeal's decision in *Krol*.[8]

The purpose of the Act is "to improve the adequacy of information available

to consumers, prevent deception, and improve competition in the marketing of

consumer products." 15 U.S.C. § 2302(a). The Act requires that a written

warranty "shall . . . fully and conspicuously disclose in simple and readily

understood language the terms and conditions of such warranty." 15 U.S.C.

§ 2302(a). To achieve this purpose, the Federal Trade Commission (FTC)

promulgated the "single document rule" to establish "minimum uniformity in

warranty disclosures . . . [to] enable consumers to make valid and informed

comparisons of warranties for similar products." Disclosure of Written Consumer

Product Warranty Terms and Conditions, 40 Fed. Reg. 60,170, 60,172 (Dec. 31,

1975).

These provisions notwithstanding, the majority rigidly holds that the single

document rule does not require warrantors to include binding arbitration

agreements in consumer warranties. The result of the majority's decision is that

unwitting consumers who sign warranties may be deceived into forfeiting their

---

7. *Larrain v. Bengal Motor Co., Ltd.*, 976 So. 2d 12, 14 (Fla. 3d DCA 2008).

8. *Krol v. FCA US, LLC*, 273 So. 3d 198 (Fla. 5th DCA 2019).

rights to seek relief in court by agreeing to terms that are not contained in the warranty itself. Because today's decision stands to lessen the uniformity of warranty disclosures and diminishes consumers' ability to make informed purchasing decisions, I dissent.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

     Fifth District - Case No. 5D18-2149

     (Brevard County)

Jeremy Kespohl and Angela D. Thomas of Morgan & Morgan, Jacksonville, Florida; and Theodore F. Greene III of Law Offices of Theodore F. Greene, LC, Orlando, Florida,

     for Petitioner

Robert E. Sickles and Yesica S. Liposky of Dinsmore & Shohl LLP, Tampa, Florida,

     for Respondent Gibson Auto Sales, Inc., d/b/a Gibson Truck World